UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

STEPHANIE L. RITTER                                                                          PLAINTIFF

v.                                                                     CIVIL ACTION NO. 4:19-CV-P90-JHM

COBRA KIOSK HAND FINGERPRINT SYSTEM *et al.*                              DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* action filed by a convicted prisoner on a 42 U.S.C. § 1983 complaint form. The Court has granted Plaintiff Stephanie L. Ritter leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). She brings suit against Daviess County; DCDC; Cobra Kiosk Hand Fingerprint System; and the "Social Security Department."

In the Statement of Claim(s) section of the complaint, Plaintiff writes as follows:

On 2016, I was arrested for DUI, and I use to have with Marines Cobra Choppers and my Dad was a detective who died because of heart attack. When I was arrested, I swore on my bible about complaints of being harassed by the Cobra and [illegible] System. I'd see colors of Marines jobs around town and I was harshly punished as a child by Marines. The problem is with my palms are all ruined + cut up do to making the legal system work. It's like hundreds of pounds metel on metel. I believe I've been constitutional violated by this fingerprinted and scanner body scan because every time I've been arrested this facility Daviess County Detention Center gets new equipment. My nerves were clenched on in one of the cell rooms after swearing on bible and it about paralized me. And my middle finger's twisting up and in. In 3rd grade I calapse in teacher's arms because main veins in skull whent through skulls. I've worked with only flying chopper vehicles groundsman. Passing over the color core to the airmen. This town had a lot of murders and they needed this system with the alcohol distillery. The system keeps wanting me to pass their laws and I've had a stroke at times due to an broker newspaper stock and

bond back in the 80's, and the business the detention center has. I have seen brown bubbles with faces in the sky, high computer technologys. My right thumb has grown bigger in the 80's due to China or America it happened in Shawnee Dr. Owensboro Ky. With my stroke I have to exercise a palm exercise also I was hit by a radiatron loom of the solar system and hospitalized by [illegible] in a children hospital. Most recent incodent was 2019.

In the Relief section of the complaint, Plaintiff writes, "I just want to get some of the hacking system off."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id*. "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id*. at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are

"'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 327-28).

Here, Plaintiff's allegations contain no legal theories upon which a valid federal claim may rest and are fantastic and wholly incredible. Therefore, dismissal on the basis of frivolousness is appropriate. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The instant complaint meets this standard as well.

### III.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: August 14, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011